**UNITED STATES of America,**
**Appellee,**

v.

**Joseph ROVETTO, Defendant–**
**Appellant.**

**No. 05–1105–CR.**

United States Court of Appeals,
Second Circuit.

April 20, 2006.

Marlon G. Kirton, New York, NY, for Appellant.

David Raskin, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Karl Metzner, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: CHESTER J. STRAUB, SONIA SOTOMAYOR, Circuit Judges, and GEORGE B. DANIELS, District Judge.*

## SUMMARY ORDER

Defendant Joseph Rovetto ("Rovetto") pled guilty pursuant to a plea agreement to a two-count information charging him with violating the Hobbs Act, 18 U.S.C. § 1951, in connection with a conspiracy to extort the principal owner of Hotline Delivery Service and harboring a fugitive in violation of 18 U.S.C. §§ 1071 and 2. The district court sentenced Rovetto principally to a term of imprisonment of twelve months and one day. It further imposed restitution in the amount of $750,000. Rovetto now appeals his sentence and the imposition of restitution. We assume the

---

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

parties' familiarity with the facts of the case and the issues on appeal.

■ Rovetto contends that the district court erred in imposing his sentence by not making clear whether it was a guidelines or non-guidelines sentence, failing to specify the applicable guidelines range or enumerate the factors a sentencing court must consider under 18 U.S.C. § 3553(a). Rovetto did not object at sentencing and therefore we review his claim for plain error under Fed.R.Crim.P. 52(b). *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005). The district court considered the pre-sentence report, which set forth a guideline range of 41–51 months, asked whether the defendant had any objection to it, and, finding none, made it part of the record. The court noted further that the "guidelines would provide a sentence of several years," considered the government's letter pursuant to Section 5K1.1 of the guidelines, "all the factors that are appropriate i[n] a sentencing proceeding," as well as the "defendant's personal background, the facts of the crime, the extent of his cooperation and his present circumstances." The court then stated that it was departing on the basis of Rovetto's substantial assistance. We have never required a formulaic recitation of the applicable factors to be considered in sentencing, *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005), and, given the district court's explanation of what it considered, there was no error here, much less plain error.

■ We reject also Rovetto's contention that the imposition of restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, violates his rights under the Sixth Amendment. *See United States v. Reifler,* — F.3d ——, 2006 WL 999937, at *53–54 (2d Cir. Apr.18, 2006) (holding that an order of restitution for a loss amount not admitted in a plea allocu-

tion does not violate a defendant's rights under the Sixth Amendment as enunciated in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).